PER CURIAM.
Margaret Giventer (the mother) filed a petition for writ of prohibition, seeking to prohibit the Broward County circuit court from exercising further jurisdiction in connection with child visitation enforcement proceedings initiated by her former husband, Michael Giventer (the father). The mother filed the petition after the trial court denied both her cross-motion to dismiss, based on lack of subject matter jurisdiction, and her subsequent motion to vacate that ruling. We deny the petition.
When the mother and father were both residing in Florida, after their divorce, they entered into a mediated settlement agreement, which provided that the mother and minor children would relocate to Colorado in June 2002, and that the court would retain jurisdiction until the mother’s relocation to Colorado. On May 30, 2002, a Broward County Circuit Court judge approved and adopted the agreement in an order specifically providing that the court reserved jurisdiction to enforce the order. The mother and children then moved to Colorado, and the father later moved to Texas.
On June 3, 2003, after experiencing difficulties in exercising his visitation rights, the father filed a motion in the Broward court to compel summer visitation with the minor children in accordance with the parties’ agreement. The mother cross-moved to dismiss for lack of subject matter jurisdiction because by then neither party re *439 sided in Florida. On June 12, 2003, the trial cornd denied the mother’s motion to dismiss, noting that no one had filed an action in Colorado. The trial court also granted the father’s motion and ordered that the father be given seven weeks of visitation with the two children, beginning June 22, 2003. However, the written order was not filed until July 17, 2003, by which time the father’s attempts to exercise this visitation had been frustrated.
On June 27, 2003, the mother instituted proceedings in Engle County, Colorado, filing a verified motion to modify parenting time. The father moved the Broward court for contempt and other relief. The mother moved to vacate the ruling denying her cross-motion to dismiss for lack of subject matter jurisdiction. She also replied to the father’s contempt motion, insisting that the Florida court did not have subject matter jurisdiction to entertain the father’s motion to compel summer visitation or his motion for contempt. The mother’s motion advised the court of the pending Colorado proceeding. At a hearing on July 15, 2003, the trial court explained that it would continue to exercise jurisdiction until a judge in Colorado called to discuss the matter.
We deny the petition for writ of prohibition because we find the Broward circuit court did have subject matter jurisdiction to enforce visitation pursuant to its previous modification order. The order had been entered at a time when the court clearly had jurisdiction to enter a modification order under the Uniform Child Custody Jurisdiction Act; Florida then was the home state of the children and both parents. See § 61.1308(l)(a), Fla. Stat. (2001).[1] Although the current statutes concerning enforcement of visitation provisions are not clear when applied to the instant fact situation, we conclude that the father’s proceeding to compel summer visitation fell within section 61.527, concerning “temporary visitation.” That statute provides as follows:
(1) A court of this state which does not have jurisdiction to modify a child custody determination may issue a temporary order enforcing:
(a) A visitation schedule made by a court of another state; or
(b) The visitation provisions of a child custody determination of another state which does not provide for a specific visitation schedule.
§ 61.527(1), Fla. Stat. (2003).
Although the May 30, 2002 order adopting the parties’ mediated settlement agreement was not “made by a court of another state,” it contained visitation provisions and was entered by a court which had jurisdiction to modify the child custody determination at the time it was rendered. If the Broward court could enforce the visitation provisions made by a court of another state, it stands to reason that it could also enter temporary orders to enforce its own visitation provisions as well.
However, because the parties’ agreement did not set out a specific schedule for summer visitation, the Broward court’s order on the father’s motion to compel summer visitation falls within subsection 61.527(l)(b);[2] thus, the Broward court should have specified a period in which the father had to obtain an order from a court *440 having jurisdiction to modify under section 61.514-.523. Under the facts of this case, that would have been a court in Colorado.
Section 61.530, providing for simultaneous proceedings, states that an enforcement proceeding in this state may continue even after the court learns that a proceeding to modify is pending in another state with jurisdiction to modify; in that case, the enforcing court must first communicate with the modifying court, but the enforcement proceeding continues unless the enforcing court stays or dismisses it after communicating with the modifying court.[3] By the time the lower court entered the July 17, 2003 written order compelling summer visitation, it had been advised of the commencement of the Colorado proceeding, in which the mother sought modification of the child custody determination in the form of a modification of the visitation provisions of the mediated settlement agreement. Based on section 61.530, the Broward circuit court should have communicated with the Colorado court as soon as it was advised of the Colorado proceeding.
Accordingly, while we deny the petition because the lower tribunal did have jurisdiction to enforce the visitation provisions of the modification agreement, we point out that actions should have been taken at the outset of the enforcement proceedings to involve a court in Colorado, as discussed above.
GUNTHER and TAYLOR, JJ., concur.
POLEN, J., concurs specially with opinion.

. Effective October 1, 2002, the UCCJA, sections 61.1302-.1348, was amended and renamed as the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) and renumbered as sections 61.501-.542, Florida Statutes (2002).

. Subsection 61.527(2) provides as follows:
(2) If a court of this state makes an order under paragraph (l)(b), it shall specify in the order a period that it considers adequate to allow the petitioner to obtain an order from a court having jurisdiction under the criteria specified in ss. 61.514 *440 61.523. The order remains in effect until an order is obtained from the other court or the period expires.

. The statute provides as follows:
If a proceeding for enforcement under ss. 61.524-61.540 is commenced in a court of this state and the court determines that a proceeding to modify the determination is pending in a court of another state having jurisdiction to modify the determination under ss. 61.514-61.523, the enforcing court shall immediately communicate with the modifying court. The proceeding for enforcement continues unless the enforcing court, after consultation with the modifying court, stays or dismisses the proceeding.
§ 61.530, Fla. Stat. (2003).